■ Eileen Q. March, Respondent, v Arthur A. March, Appellant.—Order, Supreme Court, New York County, entered December 3, 1975, which directed defendant to provide to plaintiff the names and addresses of all banking institutions in which defendant maintains an account, along with the numbers of such accounts, and the identity of all persons owing a debt to defendant, and the identity of all current clients, and the order, Supreme Court, New York County, entered June 10, 1976 which held defendant in contempt for failing to comply with the above-mentioned order entered December 3, 1975, but permitted defendant to purge the contempt by compliance within 10 days with the December 3 order, modified, on the law and facts and in the exercise of discretion to relieve defendant of the obligation to provide the afore-mentioned information, on condition, however, that defendant pay to plaintiff $500 monthly commencing as of October 1, 1976, over and above current payments provided in the separation agreement until the arrears have been fully paid, and, as so modified,

affirmed, without costs and without disbursements. The parties are married. Due to matrimonial difficulties they entered into a separation agreement. The defendant husband, a patent attorney, failed to comply with the terms of the agreement and the plaintiff wife obtained summary judgment against him for a sum in excess of $21,000. In supplementary proceedings to determine the existence and whereabouts of assets belonging to defendant, he refused to provide the location of his bank accounts and the names of his clients. Defendant allegedly feared that, if his bank accounts were closed and his clients subjected to subpoena, his practice would be destroyed. The court below rejected defendant's argument and directed production of the information. On appeal, defendant claimed the court below erred by failing to invoke CPLR 5240 to limit or deny use of harsh, unreasonable, and embarrassing enforcement procedures. On argument before us it appeared that the husband has paid a substantial portion of the judgment. He offered to pay the balance monthly in addition to current alimony payments. This offer was accepted by the wife's counsel, conditioned on our fixing of the amount. Thus, we need not determine whether CPLR 5240 is applicable herein. Considering all the facts and circumstances of this case, we feel that the husband should pay the sum of $500 monthly over and above the current payments required by the separation agreement, and we so direct. Concur—Kupferman, J. P., Lupiano, Silverman and Nunez, JJ.; Murphy, J., dissents in part in the following memorandum: On the record before us defendant was financially able to fully meet his obligations to plaintiff. His election not to do so stems from his desire to prefer other creditors. Accordingly, I see no reason to deny plaintiff full disclosure of defendant's bank accounts and the names of his debtors. However, disclosure of the names of defendant's current clients may adversely affect his patent law practice without providing any significant benefit to plaintiff, since it is doubtful that a debtor-creditor relationship currently exists with respect to such clients. Based on the foregoing, I would modify the orders on appeal solely to the extent of providing that defendant need not disclose the identity of persons for whom he is presently rendering professional services and otherwise affirm.